THEODORE THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 31107-87
United States Tax Court
T.C. Memo 1990-365; 1990 Tax Ct. Memo LEXIS 382; 60 T.C.M. (CCH) 157; T.C.M. (RIA) 90365; July 18, 1990, Filed *382 Decision will be entered for the respondent. Theodore Thomas, pro se. Patricia H. Delzotti, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1) n1
Sec. 6653(b)(2)
Sec. 6654
Sec. 6661
1976
$  6,677.00
$ 3,338.50
$ 249.28
--
1977
5,656.34
2,828.17
202.26
--
1978
5,903.61
2,951.80
188.92
--
1979
5,315.51
2,657.75
222.34
--
1980
6,778.77
3,389.38
430.40
--
1981
10,220.14
5,110.07
783.11
--
1982
8,482.00
$ 4,241.00 *
825.80
$ 2,120.50
1983
9,783.00
4,891.50 *
598.64
2,445.75
*
In an amendment to his answer respondent posits that if the Court decides that petitioner is not liable for the section 6653(b) additions for fraud, then alternatively he is liable for additions to tax under sections 6651(a)(1) and 6653(a). Petitioner conceded the deficiencies; thus, the issues for decision *383 are: (1) whether petitioner is liable for the additions to tax for fraud pursuant to section 6653(b) or, in the alternative, the additions to tax for failure to timely file returns pursuant to section 6651(a)(1) and for negligence pursuant to section 6653(a); (2) whether petitioner is liable for additions to tax for failing to make estimated tax payments pursuant to section 6654; and (3) whether petitioner is liable for the additions to tax for substantial understatement of income tax liability, pursuant to section 6661, for 1982 and 1983. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Jackson, New Jersey, when he filed his petition. He is a high school graduate. From 1976 through 1983, he was employed as a food warehouseman by Wakefern Food Corporation and earned the following wages: Year
Wages
1976
$ 27,317.52
1977
24,545.64
1978
26,684.04
1979
26,348.58
1980
30,119.93
1981
38,426.12
1982
36,279.08
1983
41,658.71
Petitioner conceded the deficiencies based upon his receipt of wages as set forth above. Petitioner failed to file Federal income tax returns for *384 each of the years in issue and pleaded guilty to willfully failing to file his Federal income tax return for 1981 pursuant to section 7203. He had filed income tax returns for 1973, 1974 and 1975. Petitioner filed a Form W-4, Employee's Withholding Certificate, on December 26, 1975, on which he claimed 99 exemptions and stated he was exempt from taxation. He claimed 99 exemptions because his employer did not have certificates available on which employees could claim exemption from Federal income taxes. As a result, petitioner's employer withheld Federal income taxes of $ 184.79 from petitioner's wages during 1979 and did not withhold any Federal income taxes from his wages for all other years in issue. Petitioner was a member of a tax protestor group, called the Constitutional Patriots, which espoused the belief that people were not constitutionally required to pay taxes. Based upon information he received from this group, he thought he was not required to pay Federal income taxes. He relied upon tax-protestor arguments in the brief he filed with this Court. ULTIMATE FINDINGS OF FACT 1. Petitioner's underpayments of income taxes for 1976 through 1983 were due to fraud with intent *385 to evade tax. 2. Petitioner failed to make estimated tax payments for each of the years 1976 through 1983. 3. Petitioner substantially understated his Federal income taxes for 1982 and 1983. OPINION 1. Fraud -- Section 6653(b)
The first issue for decision is whether petitioner is liable for the additions to tax for fraud pursuant to section 6653(b). [2] *386 Respondent has the burden of proving fraud by clear and convincing evidence. Section 7454(a); ; Rule 142(b). This burden may be met by showing there is an underpayment of tax and that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes. [3]; , cert. denied ; . However, respondent cannot satisfy his burden of proving fraudulent intent by relying solely on the failure of petitioner to discharge his burden of proving error in the determination of the deficiencies. . *387 Here, for each of the years in issue, there was an underpayment of tax; thus, the only question is whether such underpayments were due to fraud. The existence of fraud is a question of fact to be resolved upon a consideration of the entire record. , cert. denied , affg. ; ; , affd. without published opinion . Fraud is never presumed. . Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. , affd. ; . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; ; . Courts have relied on a number of indicia of fraud in deciding section 6653(b) issues. Although no single factor is necessarily sufficient *388 to establish fraud, the existence of several indicia is persuasive evidence. Several cases have held that consistent and substantial understatements of large amounts of taxable income over a period of years are strong evidence of fraud. , affg. a Memorandum Opinion of this Court; , affg. a Memorandum Opinion of this Court; . However, the mere failure to report income is not sufficient to establish fraud. . Beginning with 1976 and continuing through 1983, petitioner failed to file tax returns; consequently, he failed to report wages he received from his employment with Wakefern Food Corporation. His previous filing of returns for 1973 through 1975 indicates his awareness of his duty to file. Moreover, with respect to 1981, petitioner is collaterally estopped by his criminal conviction under section 7203 from denying that he willfully failed to file a return for that year. . In furtherance of his plan to reduce or eliminate the withholding *389 of Federal income taxes from his wages, petitioner filed a false Form W-4 on which he claimed 99 exemptions and further claimed that he was exempt from Federal income taxes. Such action also indicates his attempt to evade the payment of income taxes. Reliance upon frivolous tax protestor arguments which have often been rejected by the courts can be evidence of fraud. . Petitioner's assertion that he is not constitutionally required to pay Federal income taxes is such an argument. "[W]here a taxpayer's failure to file is predicated on frivolous arguments and where respondent has shown substantial amounts of unreported income on which withholding has been reduced or prevented by the submission of false Form W-4 certificates, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the additions to tax under section 6653(b)." . See also ; ; ; . We reach *390 the same conclusion here. Petitioner, like his Constitutional Patriots cohorts, has persistently pursued his tax protestor arguments with robotic precision. His arguments, like theirs, are meritless. In view of the indicia of fraud presented in this case, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6653(b). Having found fraud, we need not address respondent's alternate assertion of liability under sections 6651(a)(1) and 6653(a). 2. Underpayments of Estimated Tax -- Section 6654
Respondent determined additions to tax under section 6654 for underpayments of estimated tax. Where prepayments of tax, either through withholding or by quarterly estimated tax payments, do not equal the percentage of total liability required under the statute, imposition of the addition is mandatory, unless the taxpayer shows that one of several statutory exceptions applies. Section 6654; ; . Petitioner failed to introduce any evidence on this issue; accordingly, we sustain respondent's determination as to the section 6654 additions to *391 tax. ; Rule 142(a). 3. Substantial Understatements of Tax -- Section 6661
Respondent determined that petitioner's understatements of income tax were substantial and that he is liable for additions to tax pursuant to section 6661 at a rate of 25 percent of the underpayment with respect to his 1982 and 1983 taxable years. . An understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the amount required to be shown on the return. Section 6661(b)(1)(A). For purposes of determining the amount of the understatement for purposes of the section 6661 addition to tax, the amount of such understatement is reduced by that portion attributable to the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. Sections 6661(b)(2)(B)(i) and (ii). Petitioner did not have any substantial authority for failing to report his income tax liability. Nor did he adequately disclose *392 facts pertaining to such treatment. Accordingly, we sustain respondent's determination of the section 6661 additions to tax. To reflect the foregoing and the concession made by petitioner, Decision will be entered for the respondent. Footnotes
*. All section references are to the Internal Revenue Code, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50 percent of the interest due on the portion of the underpayment which is attributable to fraud.↩
2. With respect to years 1976 through 1981, section 6653(b), in pertinent part, provided: (b) FRAUD. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * With respect to 1982 and 1983, section 6653(b), in pertinent part, provided: (b) FRAUD. -- (1) IN GENERAL. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO FRAUD. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud, and (B) for the period beginning on the last day prescribed by law for payment * * * and ending on the date of assessment of the tax * * *.↩
3. An underpayment for purposes of section 6653(b) equals the amount of tax imposed if a return is not filed on or before the last day prescribed for filing. Sec. 6653(c); sec. 301.6653-1(c)(1)(ii), Proc. and Admin. Regs.↩